## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cr. ID No. 0805035299 |
| | ) | |
| MONIR A. GEORGE, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: April 7, 2020
Decided: May 11, 2020

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S THIRD MOTION FOR POSTCONVICTION RELIEF SHOULD BE SUMMARILY DISMISSED, DEFENDANT'S MOTION FOR APPOINTMENT OF COUNSEL SHOULD BE DENIED AND DEFENDANT'S MOTION FOR AN EVIDENTIARY HEARING SHOULD BE DENIED

Gregory Smith, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State of Delaware.

Monir George, James T. Vaughn Correctional Center, Smyrna, Delaware, *pro se.*

**MAYER,** Commissioner

1

This 11th day of May, 2020, upon consideration of Defendant's Third Motion for Postconviction Relief (the "Third Motion"), I hereby recommend as follows:

## BACKGROUND

In 2008, during a charity fundraising event, Monir George ("Defendant") shot and killed a man.[1] Moments prior to the shooting an attendee inadvertently captured a photograph of Defendant aiming the gun at the victim and dozens of participants witnessed the events as they transpired. On March 6, 2009, the State produced discovery including, Det. Brown's Supplemental Report Dated May 27, 2008 and several reports and notes from Cpl./Det. Papili.[2] Diane Walsh and Joseph Grubb, Deputy Attorney Generals, represented the State at trial. The defense did not dispute that Defendant shot the victim. Rather, the defense focused on Defendant's mental health. In October of 2009, after a non-jury trial, the Court found Defendant guilty but mentally ill of Murder First Degree, Attempted Murder First Degree, Possession of a Firearm During the Commission of a Felony (three counts) and Reckless Endangering. Defendant's conviction was affirmed on appeal.[3]

---

[1] A full recitation of the facts may be found in the Supreme Court's Order affirming the conviction at Case No. 59, 2010.

[2] D.I. # 15.

[3] D.I. # 119.

2

On October 7, 2011, Defendant filed his first Motion for Postconvicion Relief presenting claims of ineffective assistance of counsel (the "First Motion").[4] The Superior Court denied the First Motion[5] but on appeal, the Supreme Court remanded the matter.[6] The Court appointed counsel to represent Defendant on the motion, additional briefing ensued, and the Superior Court again denied the First Motion. That decision was affirmed on appeal.[7]

On July 5, 2018, Defendant filed his second Motion for Postconviction Relief (the "Second Motion").[8] In the Second Motion, Defendant argued "newly discovered evidence" relating to the State's ballistics expert. The Superior Court denied the Second Motion and that decision was affirmed on appeal.[9]

On March 20, 2020, Defendant filed his Third Motion for Postconviction Relief (the "Third Motion"), followed by a Motion for Appointment of Counsel, a Motion for Evidentiary Hearing, and a Memorandum of Law.[10] Through his Third Motion, Defendant once again argues "newly discovered evidence" justifies

---

[4] D.I. # 121.

[5] D.I. #s 129, 140.

[6] D.I. # 143.

[7] D.I. #s 158, 166, 169.

[8] D.I. # 170.

[9] D.I. #s 178, 183, 189.

[10] D.I. #s 190, 191, 192, 195.

vacating his conviction. However, this time, Defendant argues that Joseph Grubb, DAG engaged in aggressive prosecutorial conduct in another case[11] and that the State failed to disclose all available witnesses in Defendant's case. Essentially, since Defendant learned of the events involving Mr. Grubb in the *Robinson* case, he decided to go back and review his file. Defendant identified witnesses and photographs referenced in the reports of Detectives Brown and Papili that he believes would have assisted his defense.[12]

## DEFENDANT'S THIRD MOTION

Before considering the merits of the claims, the Court must first determine whether there are any procedural bars to the motion.[13] Defendant's Third Motion is procedurally barred. First, the Third Motion, having been filed more than one year from the date of the Supreme Court's Mandate on direct appeal, is untimely.[14] In addition, unless Defendant is able to meet an exception to the bars, his Third Motion

---

[11] Defendant cites *State v. Robinson*, 209 A.3d 25 (Del. 2019) (hereinafter "*Robinson*").

[12] Defendant's Third Motion also alludes to an additional claim relating to a "strange bullet" that was found at the scene. Defendant acknowledges that the State was unable to connect the bullet to Defendant, it was an exhibit at trial, and was available throughout the proceedings. Therefore, this claim can be dismissed outright as it is clearly not newly discovered evidence that he is actually innocent of the facts underlying the conviction.

[13] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[14] Super. Ct. Crim. R. 61(m)(2) and Super. Ct. Crim. R. 61(i)(1). To the extent Defendant's arguments may be interpreted as ineffective assistance of counsel claims, the motion is subject to the same time-bar. *See Felton v. State*, 2008 WL 308231 (Del. Feb. 1, 2008).

4

shall be summarily dismissed as repetitive.[15] Defendant was required to include all bases for relief available to him in his First (or Second) Motion.[16] Defendant asserted ineffective assistance of counsel claims in his First Motion, and newly discovered evidence theories in his Second Motion, and any subsequent attacks are now prohibited. Finally, pursuant to Super. Ct. Crim. R. 61(i)(3) and (4), any ground for relief that was not previously raised is deemed waived, and any claims that were formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, are thereafter barred. To the extent Defendant failed to present his claims through the First or Second Motions, or on appeal of those matters, the claims were waived.

To prevail, Defendant must plead with particularity that there is *new* evidence creating a strong inference that he is actually innocent of the facts underlying the acts leading to the conviction.[17] Defendant's Third Motion presents no new evidence. The State produced the reports from Detectives Brown and Papili very early in the litigation. The names of witnesses or references to photographs were available to Defendant and his counsel prior to trial. Furthermore, Defendant has

---

[15] Super. Ct. Crim. R. 61(d)(2), (5) & (i)(2)(i).

[16] Super. Ct. Crim. R. 61(i)(2)(ii).

[17] Super. Ct. Crim. R. 61(d)(2).

failed to demonstrate how this evidence would have supported his defense.[18] There were multiple witnesses, a photo showing Defendant aiming the gun at the victim, and the defense at trial conceded that he was the shooter. The information identified by Defendant does not exculpate him of the victim's murder and he cannot simply speculate that this information could have assisted his case.[19] Defendant has failed to create a strong inference that he is actually innocent of the facts underlying the conviction and the Third Motion should be dismissed.[20]

## Defendant's Motion for Appointment of Counsel

Pursuant to Superior Court Criminal Rule 61(e)(5), the court "may" appoint counsel for a successive postconviction relief motion if it satisfies the pleading requirements of Rule 61(d)(2)(i) or (ii). Defendant's motion does not satisfy these requirements. Therefore, the Motion for Appointment of Counsel should be denied.

## Defendant's Motion for Evidentiary Hearing

Pursuant to Superior Court Criminal Rule 61(h), if it appears that an evidentiary hearing is not desirable, the judge should dispose of the motion. I have

---

[18] According to Defendant, the two witnesses would have testified that a fight occurred between another church member and the victim a month before the incident.

[19] *See Sykes v. State*, 2018 WL 4932731 (Del. Oct. 10, 2018 (denying postconviction relief based on purported newly discovered evidence).

[20] There is also no merit to Defendant's assertion that Mr. Grubb engaged in any misconduct in this case. As noted above, there were multiple prosecutors assigned to the case and the State timely produced the police reports.

found no justification for an evidentiary hearing in this matter and the request should be denied.

For all of the foregoing reasons, Defendant's Third Motion for Postconviction Relief should be SUMMARILY DISMISSED, the Motion for Appointment of Counsel should be DENIED and the Motion for Evidentiary Hearing should be DENIED.

**IT IS SO RECOMMENDED.**

Commissioner Katharine L. Mayer

oc:    Prothonotary
       Gregory Smith, DAG
       Monir George